**UNITED STATES of America,**
**Appellee,**

v.

**Anthony DiPACE,[1] Defendant–**
**Appellant.**

**No. 05–2013–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 2, 2006.

1. The Acting Clerk of Court is directed to conform the caption to that set forth above.

Michael O'Brien, Syosset, NY, for Defendant–Appellant.

Sara M. Lord, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, Brenda K. Sannes, Assistant United States Attorney, on the brief), Albany, NY, for Appellee.

PRESENT: RICHARD J. CARDAMONE, WALKER, CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Anthony DiPace appeals from a judgment of the District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*) docketed on April 20, 2005 sentencing him principally to 34 months' imprisonment upon a jury verdict of guilty. DiPace was convicted of one count of embezzlement from an employee welfare benefit plan, in violation of 18 U.S.C. § 664, five counts of wire fraud, in violation of 18 U.S.C. §§ 1344, 1346, and five counts of receiving a fee for influence in an employee benefit plan, in violation of 18 U.S.C. § 1954. We assume the parties' familiarity with the facts, procedural posture, and specification of issues on appeal.

In challenging the sufficiency of the evidence, DiPace bears a "heavy burden," as we must affirm the conviction if "after drawing all permissible inferences in favor of the government, a rational trier of fact could find that every element of the crime was established beyond a reasonable doubt." *United States v. Pierce*, 224 F.3d 158, 164 (2d Cir.2000) (internal quotation marks omitted). We must "defer to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence." *United States v. Velasquez*, 271 F.3d 364, 370 (2d Cir.2001) (internal quotation marks omitted).

The evidence supports the jury's conviction of DiPace under 18 U.S.C. § 664. Assuming—without deciding—that fiduciary status is an element of a section 664 offense, a reasonable trier of fact could conclude that DiPace was a fiduciary because he determined what assets to trade, what prices to trade at, and how much to trade. *See United States v. Margiotta*, 688 F.2d 108, 125 (2d Cir.1982) (noting that "de facto control" lies "at the heart of the fiduciary relationship").

The evidence also suffices with respect to the jury's conviction of DiPace under 18 U.S.C. §§ 1344, 1346. A rational juror could have inferred that DiPace intended to defraud the plan based upon evidence that DiPace (1) failed to disclose to the plan's trustees his dual role as investment manager and broker/dealer; (2) falsely represented that LPL was the investment manager for the plan; (3) handled discretionary accounts even though LPL's policies prohibited him from doing so and even though he was ineligible to be an investment manager under the Employee Retirement Income Security Act; and (4) paid excessive commissions to himself.

We further find the evidence adequate to support the jury's conclusion that DiPace acted with the bad faith necessary for a conviction under 18 U.S.C. § 1954. DiPace's failure to disclose that he received fees, as well as the excessive nature of his fees, reasonably give rise to the inference of bad faith. Although the statute contains an exception for accepting bona fide compensation for "services actually performed in the regular course of ... duties," 18 U.S.C. § 1954(4), bona fide compensation does not include commis-

sions received for disposing of plan assets without proper disclosure to the plan trustees, *see United States v. Schwimmer,* 924 F.2d 443, 448 (2d Cir.1991).

DiPace next argues that the introduction of minutes of the trustees' meetings violated the Sixth Amendment as interpreted in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We disagree because *Crawford* explicitly preserved the business records exception, which encompasses documents such as the minutes of the trustees' meetings. *Id.* at 56.

For the reasons set forth above, the judgment of the District Court is AFFIRMED.